UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD ESCOE | CIVIL ACTION |
| VERSUS | NO. 07-1123 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL | SECTION: "C" (5) |

## ORDER & REASONS

This matter comes before the Court on a motion to remand filed by the plaintiff, Ronald Escoe ("Escoe"). In his motion, Escoe asserts that this Court lacks jurisdiction to hear this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and diversity jurisdiction 28 U.S.C. § 1332(a) (Rec.Doc. 8). Defendant, State Farm Fire & Casualty Company ("State Farm"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that it has jurisdiction to hear this matter under the CAFA, 28 U.S.C. § 1332(d).[1]

---

[1] In its Notice of Removal, State Farm also asserted that this Court has diversity jurisdiction to hear this case under 28 U.S.C. § 1332(a). See, Rec. Doc. 1. However, the Court only needs one basis for jurisdiction, so it will refrain from discussing the whether it also has jurisdiction under 28 U.S.C. § 1332(a).

**I. BACKGROUND**

Escoe brought this suit in the Civil District Court for the Parish of Orleans, State of Louisiana against State Farm and Reggie Glass Insurance Agency, Inc. ("Glass") on August 26m 2006. In his petition, Escoe alleged that he purchased homeowners insurance for his property located at 7333 Woodbine Drive, New Orleans, Louisiana from State Farm through Glass.

The property was damaged during Hurricane Katrina and Escoe made a claim under his State Farm homeowners insurance policy. According to Escoe, State Farm breached its duty to fairly and properly adjust his claim, which lead to the "general ruination" of his home. Escoe also claims that Glass breached his duty to aid him in the insurance adjustment process.

Escoe filed his first amended pleadings in the Civil District Court on February 6, 2007. In this pleading he made class allegations. Specifically, he claims that State Farm's failure to timely or adequately adjust claims affects "hundreds, if not thousands" of similarly situated individuals. Escoe then states that he would be an adequate class representative for the class of all present or past State Farm insureds who filed claims pursuant to their homeowners insurance policy after August 29, 2005 and who have yet to have a proper loss adjustment and/or receive a payment after providing a satisfactory proof of loss.

On February 28, 2007, State Farm removed the action to this Court asserting diversity jurisdiction and jurisdiction under the CAFA. Escoe then filed this motion to remand asserting that the Court does not have jurisdiction to hear this suit.

**II. <u>ANALYSIS</u>**

The CAFA, provides that the federal court has original jurisdiction over any action in which: (1) the case is a class action brought on behalf of at least one hundred putative class members; (2) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and, (3) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d).

The facts outlined above show that the basic elements of CAFA federal subject matter jurisdiction are satisfied. Escoe admits and State Farm has shown that the putative class consists of more than one hundred (100) people who were allegedly harmed by State Farm in the manner described above. See, Rec. Docs. 1 and 11. Also, State Farm has shown that there is very likely more than $5,000,000 in controversy. See, Rec. Doc. 11. Finally, the plaintiffs are all Louisiana citizens and one of the defendants, State Farm, is not Louisiana citizens. Thus, this Court has jurisdiction to hear this action, unless one of the CAFA exceptions applies.

Escoe claims that the "local controversy" exception to the CAFA found in 28 U.S.C. § 1332(d)(4) applies to this case. Under the "local controversy" exception, a district court must decline jurisdiction when: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the last

three years preceding the filing of the instant class action.  28 U.S.C. § 1332(d)(4).

The language of the CAFA favors federal jurisdiction over class actions.  *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).  Furthermore, the legislative history suggest that Congress intended the local controversy exception to be narrow, with all doubts resolved "in favor of exercising jurisdiction over the case." *Id.* (citing, S.Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40). Thus, the party opposing removal bears burden of proving the application of an exception to the CAFA.  See, *Robinson v. Cheetah Transp.*, 2005 WL 468820, *4 (W.D.La.) (citing, S.Rep. No. 109-14 at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 41; *Berry v. American Express Pub. Corp*, 381 F.Supp.2d 1118, 1122 (C.D.Cal 2005)).

All of the putative plaintiffs are citizens of Louisiana and that the alleged injuries occurred in Louisiana. As a result, the dispute here involves the requirement that the putative class not seek significant relief from a defendant that is a citizen of the state in which the action was filed and whose alleged conduct forms a significant basis of the asserted claims.  Escoe argues that the putative class seeks significant relief from Glass, who is a Louisiana citizen.  State Farm, on the other hand, points out that there are no class allegations against Glass and that, even if there were, only a portion of the putative class could seek relief against Glass, i.e. those putative class members who purchased their State Farm homeowners insurance policies through Glass.  State Farm also concludes that the relief sought from Glass is not significant when compared to that which is sought from State Farm.

The term "significant" is not defined in the CAFA, however other Courts have examined the legislative history and arrived a definition.  The case law concludes that a putative class

seeks "significant relief" against the defendant when the relief sought against that defendant is a significant portion of the relief sought by the class.  See, *Evans*, 449 F.3d at 1167 (citing, *Robinson*, 2006 WL 468820, *4 and *Kearns v. Ford Motor Co.*, 2005 WL 3967998 (C.D. Cal.)). This involves an assessment of how many member of the putative class were allegedly harmed by the in-state defendant and a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment. *Id.* (citing, *Robinson*, 2006 WL 468820, *4).

State Farm is correct that it is likely that only a small portion of the members of the putative class were affected by Glass's alleged wrongs.  The class is defined as all Louisiana citizens who had State Farm homeowners insurance and meet other requirements, not all Louisiana citizens who had State Farm homeowners insurance who purchased their policies through Glass and meet those other requirements.  There are many State Farm agents. Thus it is unlikely that all of the putative class members bought their State Farm homeowners insurance from Glass.  Also, Glass's ability to pay any potential judgment is much smaller than State Farm's.  As pointed out by State Farm, there are no class allegations against Glass, so there really is no Louisiana defendant to the putative class action.

As shown above, this Court has jurisdiction to hear this case under the CAFA and no exception applies.[2]

Accordingly,

IT IS ORDERED that the Escoe's Motion to Remand is hereby **DENIED**.

---

[2] The Court notes that the "home state exception" to CAFA, 28 U.S.C. § 1332(d)(4)(B), which provides that the Court shall decline to exercise CAFA jurisdiction over class actions in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed" does not apply to this case, because the primary defendant, State Farm, is not a citizen of Louisiana.

New Orleans, Louisiana this 23rd day of April, 2007.

 _____
 HELEN G. BERRIGAN
 UNITED STATES DISTRICT JUDGE