UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD ESCOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1123** |
| **STATE FARM FIRE AND CASUALTY COMPANY ET AL** | **SECTION "C" (1)** |

### ORDER AND REASONS

Before the Court is a motion to strike class allegations filed by defendant, State Farm Fire and Casualty Company ("State Farm").  (Rec. Doc. 32)  The plaintiff, Ronald Escoe ("Escoe"), opposes the motion, having previously filed a motion for class certification.  (Rec. Doc. 30). This Court has continued hearing on the motion for class certification until October 17, 2007, in part because of the potential need for discovery on the certification issue in the event that it denies the present motion to strike class allegations.  (Rec. Doc. 35).  The motion to strike is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the motion is GRANTED.

### I. Background

Plaintiff Escoe, whose property was damaged during Hurricane Katrina, made a claim

under his State Farm homeowners insurance policy.  On August 26, 2006, Escoe filed suit in state court for breach of insurance contract, alleging that State Farm failed to timely adjust his claims for coverage, and that State Farm breached its affirmative duty to adjust plaintiff's claim fairly and properly.  Escoe filed an amended petition in state court on February 5, 2007, seeking to represent a putative class of "all past or present insureds of State Farm Fire and Casualty Company who filed a claim for coverage benefits pursuant to their homeowners policy of insurance with [State Farm] after August 29, 2005" and who "have not yet to have a proper loss adjustment of their property damage" or "have not been timely paid for their property damages after providing satisfactory proof of loss."

    On February 28, 2007, State Farm removed the action to this Court, asserting diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  This Court denied Escoe's motion to remand on April 23, 2007, finding that it did have jurisdiction to hear the case under CAFA.  At the beginning of a scheduled preliminary telephone status conference set for August 15, 2007, before the courtroom deputy,  Escoe informally requested a continuance of that conference to allow him time to file a motion for class certification; State Farm did not object to the continuance, but did state that it would object to the motion as untimely.  This Court continued the conference and allowed Escoe ten days in which to file his motion.   Escoe moved to certify the action as a class action on August 27, 2007.  Defendant State Farm moved to strike Escoe's class allegations on September 4, 2007, asserting that the motion for class certification was not timely filed in accordance with the provisions of Local Rule 23.1(B), and that it is apparent from the face of the pleadings that

Escoe cannot meet the requirements for class certification under FED.R.CIV.P. 23.

## II. Analysis

Under FED.R.CIV.P 23(c)(1), a court must make a class determination "at an early practicable time." Accordingly, the Eastern District of Louisiana has adopted LR 23.1(B), under which a plaintiff must move for class certification within 90 days of filing of a complaint in a class action, unless this period is extended "on motion for good cause appearing." Similarly, Article 592 of the Louisiana Code of Civil Procedure requires that:

> Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by stipulation of the parties or on motion for good cause shown.

Thus under the plain language of Local Rule 23.1(B), Escoe was required to move to certify the class within 90 days of his amended petition of February 5, 2007, in which he first made class allegations. However, this Court is persuaded by the reasoning of *Joseph N. Main P.C. v. Electronic Data Sys. Corp.*, 168 F.R.D. 573 (N.D. Tex. 1996), in which the court began its 90 day calculation from the date of removal to federal court. The court based this conclusion in part on the fundamental unfairness that could result from requiring plaintiffs in state court to anticipate removal and to begin calculating deadlines that do not apply to state court actions. *Id*. at 576. However, as then-District Judge Clement has noted, this "anticipation" argument carries less weight here in Louisiana, where the state and federal rules are largely identical. *Mayer v. Lamarque*, 2000 WL 1140497 (E.D.La.). Here, even if the Court were to calculate the 90 days

3

from the date of denial of remand, Escoe's motion would still be significantly late. Escoe did not file his motion for class certification until 126 days after the denial of remand, on August 27, 2007, and has never requested an extension of time in which to file his motion for class certification, let alone attempted to show good cause why such an extension should be granted.[1]

Escoe points to his "First Amended Pleadings" and claims that this is his "motion for class certification" in state court. Rec. Doc. 36, at 2. He then argues that State Farm cannot show that it has been prejudiced in any way, because it has known of Escoe's "'class action' intentions" since the amended pleadings were filed on February 5. Id. Escoe's arguments are unpersuasive. First, pleadings that set forth class claims are distinct from the required motion for class certification. Both Local Rule 23.1(B) and the parallel state requirement clearly envision a complaint which pleads class allegations, and a subsequent, and separate, motion for certification of the class. As defendant correctly argues, if class allegations in a petition or complaint constituted a motion to certify that class, there would be no reason for either LR 23.1(B) or Article 592(A)(1) of the Louisiana Code of Civil Procedure. Similarly, if a defendant's knowledge of plaintiff's intention to move to certify the class, based on class allegations in a petition or complaint, served to excuse a timely motion to that effect, the rules

---

[1] In his memorandum in support of his motion for class certification, Escoe states that the "initial delay in this dispute was based on the inability to serve the former co-defendant, 'Reggie Glass Insurance Company, Inc.'" Rec. Doc. 30-2, at 1. It is unclear what delay this refers to, or whether Escoe argues this delay relates to his failure to timely file a motion to certify the class. Escoe's motions and memoranda state that this action was commenced on July 25, 2006, (Rec. Doc. 30, at 1, and Rec. Doc. 36, at 1) but the date stamped on the face of the original state petition indicates it was filed on August 26, 2006. Perhaps this is the delay to which Escoe refers. Regardless, there is no indication any such delay posed a significant barrier to filing a motion for class certification during the period since removal to federal court, or since this Court denied Escoe's motion to remand. In addition, Escoe suggests that the delay was caused in part by State Farm's removal of this action after he amended his pleading seeking class action status. However, this delay is accounted for in this Court's analysis, above, under *Joseph N. Main* and *Mayer*: even if the 90 days began counting at the date of removal, or even denial of remand, Escoe is still very late.

would be meaningless; no plaintiff would be required to file a motion within the time limit because a defendant would always be on notice based on allegations in the complaint.

This Court notes that Escoe could have moved to extend the period within which to move to certify the class but did not.[2]  In addition to the motion being untimely, the proposed class does not meet the requirements for class certification.  Among several flaws, the most glaring is that individual issues predominate over any class issues.  FED R.CIV.P. 23(b)(3).

Accordingly,

IT IS ORDERED that defendant's motion to strike class allegations is GRANTED.  (Rec. Doc. 32).

IT IS FURTHER ORDERED that plaintiff's motion for class certification, currently scheduled for hearing on October 17, 2007 is DISMISSED as moot, and the hearing set thereon is CANCELLED.  (Rec. Doc. 30).

New Orleans, Louisiana, this 27th day of September, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] This Court notes that Escoe's August 15 informal request for a continuance of the preliminary telephone conference set for that date, in order to file a motion for class certification, was itself made approximately 114 days after this Court denied Escoe's motion for remand.  Thus this request can not be said to be a timely motion for extension for good cause appearing pursuant to LR 23.1(B), and the Court's continuance of the conference and order to file any motion within ten days can in no way be construed as a ruling on the timeliness or appropriateness of such a motion.  State Farm noted it would oppose any motion as untimely.  In the end, Escoe did not file his motion for certification within the ten day period, but instead missed even that deadline by two days.